**Johnny Wayne WALKER**

v.

**NABORS OFFSHORE DRILLING, INC., et al.**

**No. Civ.A.99–2066.**

United States District Court,
E.D. Louisiana.

March 23, 2000.

Laurence Edward Best, peter Stephan Koeppel, James Harold Daigle, Jr., Best Koeppel, New Orleans, LA, John W. Lee, Jr., Hattiesburg, MS, for Plaintiff.

Patrick J, McShane, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, for Defendants.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is the motion of plaintiff Johnny Wayne Walker to remand this case to the Civil District Court for the Parish of Orleans. For the following reasons, plaintiff's motion to remand is DENIED.

### A. BACKGROUND

Plaintiff Johnny Wayne Walker alleges that on or about October 1998, while he was employed by Nabors Offshore Drilling, Inc. ("Nabors") as a driller on Drilling Rig 802, he suffered injuries when a brake handle flew at him. On May 4, 1999, Walker filed suit in Civil District Court for the Parish of Orleans, naming Nabors and Murphy Exploration and Production Company ("Murphy"), the owner of the rig, as defendants. Walker's petition for damages asserted jurisdiction under the Jones Act and general maritime law. Murphy was served on May 17, 1999. On July 2, 1999, Murphy filed a notice of removal alleging diversity jurisdiction and fraudulent assertion of a Jones Act claim by Walker. At the time Murphy filed the notice of removal, Nabors had not been served.[1]

Walker now moves to remand this action to Civil District Court for the Parish of Orleans. Walker asserts that Murphy's notice of removal was untimely because it was filed forty-five days after service on Murphy's registered agent. Walker also argues that Murphy cannot establish that the Jones Act claim was fraudulently pled. Finally, Walker contends that the notice of removal was procedurally defective because Murphy failed to obtain Nabors' consent to removal and the notice of removal does not state the citizenship of Nabors. Walker seeks costs and attorney's fees incurred as a result of Murphy's improper removal.

Murphy responds that Walker's Jones Act claim is fraudulently asserted because there is no possibility of recovery by Walker under the Jones Act. Thus, Walker argues that removal was timely since the notice of removal was filed as soon as Murphy learned that Walker could not establish a Jones Act cause of action. Murphy also answers that it was not required to obtain Nabors' consent to removal or to state Nabors' citizenship because Nabors was fraudulently named as a defendant. Lastly, Murphy maintains that since removal was appropriate, an award of costs and fees is not warranted.

---

1. Murphy argues that plaintiff withheld service on Nabors, plaintiff's employer, to prevent Murphy's discovery of the removability of this case. *See* Def.'s Ex. C. Murphy contends that this is evidence of plaintiff's efforts to hide his non-seaman status from Murphy within the thirty day removal period. *See* Def.'s Opp. Mem. at 5–6. The Court makes no decision as to this claim.

## B. LEGAL STANDARDS

As a general rule, Jones Act cases are not removable. *See Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999). However, a fraudulently pled Jones Act petition may be removed to federal court. *See id.* A defendant may pierce the pleadings to establish that a Jones Act claim has been fraudulently asserted and is therefore removable. *See id.*

The defendant seeking to establish fraudulent assertion of Jones Act jurisdiction has a heavy burden, as the removing party must prove that there is no possibility that plaintiff would be able to establish a Jones Act claim. *See Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir.1995). In the Fifth Circuit, a district court has authority to utilize a summary judgment-like procedure to determine whether there has been fraudulent pleading of claims. *See id.* at 176. The district court may deny remand only when it determines that the plaintiff has no reasonable possibility of establishing a Jones Act claim after resolving all disputed facts and ambiguities in plaintiff's favor. *See Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir.1999).

To maintain a cause of action under the Jones Act, a plaintiff must be a seaman. *See Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 560, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997). Seaman status requires (1) that the plaintiff's employment duties contribute to the function of a vessel or the accomplishment of a vessel's mission, and (2) that the plaintiff have a connection to a vessel in navigation that is substantial in duration and nature. *See id.* Seaman status determinations may be made by summary disposition in the district court. *See Chandris v. Latsis*, 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). If the facts and law reasonably support only one conclusion as to seaman status, the district court must decide the question. *See St. Romain v. Industrial Fabrication and Repair Service, Inc.*, 203 F.3d 376, 378 (5th Cir.2000). If Walker cannot establish a substantial connection to a vessel, he has no possible Jones Act claim. *See Fields*, 182 F.3d at 357.

When the case stated by the initial pleading is not removable, a defendant may file a notice of removal within thirty days of receipt by the defendant of a pleading, motion, order or other paper from which the defendant ascertains that the case is or has become removable. *See* 28 U.S.C. § 1446(b). This additional thirty days is measured from defendant's receipt of notice of the removability of the case. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993). However, a case may not be removed on the basis of diversity jurisdiction more than one year after the action is commenced. *See* 28 U.S.C. 1446(b).

The Fifth Circuit has held that a removing defendant need not obtain the consent of a codefendant who was fraudulently joined in a suit. *See Jernigan*, 989 F.2d at 815. Also, the citizenship of an improper party is irrelevant and may be ignored for diversity of citizenship purposes. *See id.* at 814.

## C. ANALYSIS

In this case, the Court finds that Murphy has shown that Walker cannot establish a Jones Act claim. Murphy has submitted sworn statements made by the toolpusher for whom the plaintiff worked and Nabors' personnel manager that eleven months prior to Walker's accident, Walker was permanently assigned as a driller on Walker's fixed platform drilling rig. *See* Def.'s Ex. A, B. Murphy also offers the sworn statement that Nabors had a corporate policy in effect at the time of Walker's alleged accident that made transfers from jack-up rigs to platforms permanent. *See* Def.'s Ex. A. Walker has not rebutted that evidence. While Walker argues that there is an issue of fact that precludes a summary judgment determination at this point, the Court finds that Walker's permanent transfer to a fixed

platform is conclusive. *See Barrett v. Chevron*, 781 F.2d 1067, 1075–76 (5th Cir. 1986) (en banc) (holding that seaman status may be determined solely on the basis of a new job when reassignment is permanent). Because he cannot establish any connection to a vessel in navigation, Walker cannot support a claim of seaman status. Since he cannot establish an essential element of a Jones Act cause of action, Walker's Jones Act claim must fail as a matter of law.

The Court also finds that Walker's Jones Act suit was fraudulently asserted, as he must have known at the time of filing that there was no reasonable possibility of establishing a Jones Act claim. Murphy's removal was proper, because the fraudulent nature of Walker's suit was not initially apparent. Murphy filed a notice of removal on July 2, 1999, more than thirty days after being served, but within thirty days of receipt of notice from Nabors that the case was removable.

Walker's argument that Murphy was required to obtain Nabors' consent to removal is unpersuasive. Walker's remedies against Nabors are limited to worker's compensation, so Nabors' consent to removal is unnecessary. Similarly, Nabors' citizenship will be ignored as irrelevant in this case.

Because the Court finds that Murphy's removal was proper, Walker is not entitled to costs or attorney's fees.

### D.   CONCLUSION

The Court finds that the undisputed evidence shows as a matter of law that Walker was not a Jones Act seaman at the time of his injury. Accordingly, remand of this case is not required. For the foregoing reasons, the motion of plaintiff to remand this case to the Civil District Court for the Parish of Orleans is HEREBY DENIED.